# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| MELISSA PHILLIPS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-11-125-RAW |
|  | ) |  |
| OKLAHOMA CORPORATION | ) |  |
| COMMISSION, Oil and Gas Division, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

This case is before the court on remand from the United States Court of Appeals for the Tenth Circuit. The appellate court directed this court to "enter an order permitting Ms. Phillips' complaint to be filed without prepayment of fees, and then, in the same order, to proceed sua sponte to examine the above-described complaint pursuant to 28 U.S.C. §1915(e)(2)." Permission to proceed *in forma pauperis* was actually granted by separate order [Docket No. 22], but this order has been prepared expeditiously.

As pertinent here, 28 U.S.C. §1915(e)(2)(B)(ii) requires dismissal if the complaint "fails to state a claim on which relief may be granted." The standard under §1915(e)(2)(B)(ii) is the same as that applicable under Rule 12(b)(6) F.R.Cv.P. *See Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir.2007). The court looks for plausibility in the complaint, and in particular looks to the specific allegations to determine whether they plausibly support a legal claim for relief. *Id.* at 1218. Rather than adjudging whether a claim is "improbable," factual allegations in a complaint must be enough to raise a right to

relief above the speculative level. *Id.* Because plaintiff is proceeding pro se, her complaint must be construed liberally. Plaintiffs proceeding pro se, however, are not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Also, the court must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir.2009).

This case arises out of plaintiff's boundary line dispute with her next door neighbor, Dennis Darragah. In the present complaint, plaintiff does not sue Mr. Darragh, but rather his employer, the Oklahoma Corporation Commission, Oil and Gas Division (hereafter "OCC"). Plaintiff alleges that Mr. Darragh used his state-issued GPS device to make his own determination of the correct property line. After doing so, Mr. Darragh evidently put stakes where he believed the property line to be and advised the Sheriff's Department of his determination. Plaintiff alleges that she was forced to hire a professional surveyor, who reached a different determination than Mr. Darragh.

Plaintiff brings her complaint under the theory of "Seizure of private land by State Corporation." She contends that her land has been taken without due process. She brings this claim pursuant to 42 U.S.C. §1983, and thereby contends for federal subject-matter jurisdiction. She seeks injunctive relief and punitive damages in connection with her purported federal claim. She also brings state-law claims for intentional and negligent infliction of emotional distress.

Generally, to state a claim under §1983, a plaintiff must plead facts to show four elements: (1) a violation of rights protected by the federal Constitution, or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of [law]. *Summum v. City of Ogden,* 297 F.3d 995, 1000 (10th Cir.2002). The recitation of these elements reflects possible deficiency in the complaint.

Plaintiff has not shown how defendant OCC proximately caused any injury. Mr. Darragh may have drawn the new property line using his work-related GPS device, but any causation still belongs to Mr. Darragh. State actors may only be held liable under §1983 for their own acts, not the acts of third parties. *Robbins v. Oklahoma*, 519 F.3d 1242, 1251 (10th Cir.2008). A political unit cannot be held liable under §1983 for the unconstitutional conduct of its employees under a theory of *respondeat superior. Monnell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978). Plaintiff addresses this point in her complaint, alleging the conduct constitutes "taking land with state equipment." The court disagrees. Merely providing Mr. Darragh with a work-related device does not mean the OCC ratified any use he made of it. Rather, plaintiff must allege that the employee's unconstitutional conduct occurred while he was carrying out a policy or custom established by the OCC. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986). No such allegation has been made. The court concludes dismissal of the federal claim is appropriate. The federal claim being dismissed, the court declines to exercise supplemental jurisdiction over the state-law claims, pursuant to 28 U.S.C. §1367(c)(3).

It is the order of the court that this action is hereby dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**ORDERED THIS 15th DAY OF AUGUST, 2012.**

**Dated this 15th day of August, 2012.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma